IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:25-CV-050-RAH-KFP |
| ) | |
| COFFEE COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 29, 2025, the Court granted pro se Plaintiff Devin Brandis Pugh's Motion for Leave to Proceed in Forma Pauperis and ordered him to file an amended complaint by June 12, 2025. Doc. 21. To date, no amended complaint has been filed. Accordingly, for the reasons explained below, the undersigned recommends dismissal.

**I.    BACKGROUND[1]**

Plaintiff filed a civil action in federal court asserting claims against Coffee County Jail, Butler County Jail, Covington County Jail, and Pike County Jail. Doc. 1. The undersigned ordered Pugh to either submit the filing and administrative fees or submit an application for leave to proceed in forma pauperis by February 18, 2025. Doc. 5. The Court warned Pugh that a failure to comply with the order would result in a recommendation of dismissal. *Id.*

---

[1] The Court recites only the procedural history pertinent to this Recommendation.

About two weeks after the deadline, on March 5, 2025, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. Doc. 6. Upon its review, the Court noted that his application contained information about his income and expenses that did not align with information submitted in other pending cases in the Middle District of Alabama, despite Pugh signing the statement declaring under penalty of perjury that the information in the application was true. Doc. 9. The Court ordered Plaintiff to complete and file the Court's long-form application for leave to proceed in forma pauperis by May 2, 2025. *Id.* at 3. The Court warned Plaintiff that a failure to follow the order would result in a recommendation of dismissal. *Id.* at 3–4.

Plaintiff failed to file the long-form application on time; instead, on April 21, 2025, Plaintiff filed an untitled slip of paper which was docketed as a Motion to Object. Doc. 10. On May 14, 2025, almost two weeks past the deadline, Plaintiff filed the short-form Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 15. On the same day, the Court received an untitled document which was docketed as a Motion to Reconsider. Doc. 16. A day later, on May 15, the Court received an untitled document which was docketed as a Motion to Amend (Doc. 17), and on May 19, the Court received an untitled document which was docketed as a Motion for Status (Doc. 18). On May 28, 2025, the Court received an untitled document, which was docketed as a Motion for Status and Motion for Copies.[2] Doc. 20.

---

[2] With the exception of the Application to Proceed in District Court without Prepaying Fees or Costs, the "motions" listed in the paragraph are difficult to read and neither "state with particularity the grounds for seeking the order," Fed. R. Civ. P. 7(b)(1)(B), nor have a caption, Fed. R. Civ. P. 10(a). Thus, they violate Federal Rules of Civil Procedure 7(b) and 10(a), as well as the Court's Local Rules. *See* Fed. R. Civ. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apple to motions and other

Although the application (Doc. 15) did not explicitly comply with the Court's order, the Court nonetheless granted Plaintiff leave to proceed in forma pauperis, granted Plaintiff's construed Motion to Amend, and ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure and the requirements of the order. Doc. 21. The Court expressly warned Plaintiff that a failure to file an amended complaint meeting the stated requirements would result in a recommendation that the action be dismissed. *Id.* at 3–4.

## II.     LEGAL STANDARD

As all other litigants, pro se plaintiffs must comply with court orders. If a plaintiff fails to comply with a court order, "[a] district court may dismiss [the] action sua sponte under Fed. R. Civ. P. 41(b)." *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 922–23 (11th Cir 2007) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989). "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc.*,

---

papers."); M.D. Ala. L.R. 5.6 ("All pleadings, motions, and other papers presented for filing shall be . . . plainly typewritten, printed, or prepared by a clearly legible duplicating process[.]"); M.D. Ala. L.R. 5.7 (explaining that a motion "must be filed in accordance with the procedures set forth in the Federal Rules of Civil Procedure and these Local Rules.").

3

556 F.3d at 1240 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Specifically, in an unpublished opinion, the Eleventh Circuit has affirmed a district court's dismissal for failure to follow a court order to file an amended complaint, *Taylor v. Spaziano*, 251 F. App'x 616 (11th Cir. 2007), and other courts within the Eleventh Circuit have dismissed a case for plaintiff's failure to file an amended complaint as directed by a court's order, *Mazone v. Hershey Co.*, 2022 WL 18781099, at *2 (N.D. Ga. Nov. 1, 2022) ("[T]he Court finds that [p]laintiff's failure to file an amended complaint as directed by this [c]ourt's order, coupled with his failure to comply with the Federal Rules of Civil Procedure and this [c]ourt's Local Rules, constitutes sufficient grounds for dismissal under Rule 41(b)."); *Powell v. Harris*, 2017 WL 1026314, at *2 (S.D. Fla. Feb. 22, 2017) (recommending dismissal for failure to file an amended complaint), *report and recommendation adopted*, 2017 WL 998600 (S.D. Fla. Mar. 15, 2017).

**III.    DISCUSSION**

The Court warned Plaintiff that noncompliance with the order to file an amended complaint would result in a recommendation that the action be dismissed. Yet Plaintiff failed to take any action by the imposed deadline. This is not the first time Plaintiff has disregarded a Court order. As detailed above, Plaintiff filed his first application for leave to proceed in forma pauperis two weeks past the Court-ordered deadline, he submitted five "motions" that do not comply with the Federal Rules of Civil Procedure or the Court's Local Rules in spite of the Court's advisement, he failed to file the Court's long-form application as ordered, and his short-form application was past the Court-ordered deadline for the long-form application. Three times now Plaintiff has been warned that a failure to

4

follow the Court's order will result in a recommendation of dismissal, but the warnings appear to fall on deaf ears.

Based on the record, Plaintiff has no respect for the Court's orders or deadlines, and such disregard for the Court merits dismissal of the case without further leniency.[3]

## IV. CONCLUSION

Because Plaintiff failed to comply with the Court's order to file an amended complaint, thereby demonstrating willful contempt of the Court, the undersigned RECOMMENDS that this case be DISMISSED.

Further, it is ORDERED that by **July 8, 2025**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[3] This Court takes judicial notice of its own records in other cases involving Plaintiff. *See* Fed. R. Evid. 201(b)(2); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Other cases in which the Court recommended dismissal for failure to file an amended complaint are: *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. U.S. Dep't of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Baldwin Cnty.*, Case No. 2:25-cv-034-RAH-SMD; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA (recommendation adopted); *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB.

Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

Done this 24th day of June, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE