IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-00050-RAH-KFP |
| | ) |
| COFFEE COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

On June 24, 2025, the Magistrate Judge recommended that this action be dismissed due to the Plaintiff's failure to comply with the Court's orders, specifically the failure to file an amended complaint by June 12, 2025, as ordered by the Magistrate Judge. On July 8, 2025, the Plaintiff timely filed an objection to the Recommendation (doc. 27), in which he objects to the dismissal of this action on the grounds that he has "multiple cases pending at once[, and he is] attempting to follow all of the orders as fast as [he] can, [which] can be challenging[, and is] why [he] may have miss[ed] . . . one." (Doc. 27 at 1.) He also states that he has not received a "long form" application in this case yet. (*Id.*)[1] Then on July 9, 2025, the Plaintiff filed a Motion to Amend the Complaint (doc. 29). For the foregoing reasons, the Plaintiff's objection fails, and the Motion to Amend comes too late (and is otherwise

---

[1] The Court assumes that the Plaintiff is referring to the long-form application for leave to proceed in forma pauperis that the Magistrate Judge ordered the Plaintiff to have completed and filed by May 2, 2025. The Plaintiff failed to fill out the long-form, but he did file a short-form application, which the Magistrate Judge accepted. The Magistrate Judge then granted the Plaintiff leave to proceed in forma pauperis. (Doc. 22 at 2–3.) Therefore, this basis for the objection is moot and will not be taken into consideration.

futile)—therefore, the Recommendation will be ADOPTED and this case DISMISSED.

A.   **The Recommendation and the Objection**

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Here, the Plaintiff offers no sufficiently specific objections to warrant *de novo* review. *See id.* He only makes excuses as to why he failed to follow the Magistrate Judge's Order—and that excuse is that he has too many cases pending to keep up with. As detailed in the Recommendation, the Magistrate Judge provided numerous opportunities for the Plaintiff to correct his filings—be it the form or timing. (*See* doc. 22 at 1–3.) And the Magistrate Judge *clearly* warned the Plaintiff that failure to file an amended complaint that met the Order's requirements would result in a recommendation of dismissal. (Doc. 21 at 3–4 ("**Plaintiff is expressly cautioned that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed.**" (emphasis in original).) The Plaintiff failed to file a timely amended complaint meeting the requirements of that Order. Thus, the Court

2

finds no clear error in the Magistrate Judge's recommendation that the action be dismissed.

## B. The Motion to Amend the Complaint

Because the Plaintiff previously filed a Motion to Amend the Complaint (*see* doc. 17), was granted leave to do so, and then failed to file an amended complaint in accordance with the Magistrate Judge's Order (doc. 21), the Court construes the current Motion to Amend the Complaint (doc. 29) as *a Motion to File the Amended Complaint Out of Time*. But even if the filing was timely, the proposed amendment is futile—it does not comply with the Magistrate Judge's Order (doc. 21), nor does it comply with pleading requirements of Fed. R. Civ. P. 8(a).

While Fed. R. Civ. P. 15(a)(1) allows a plaintiff to amend a complaint once as a matter of course, as long as no responsive pleading has been filed, a proposed amendment may still be denied for futility "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) (internal quotations and citation omitted). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

A shotgun pleading, however, is a complaint that violates Fed. R. Civ. P. 8(a)(2). *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *cf. id.* at 1325–26 (identifying types of impermissible shotgun pleadings, such as those that assert multiple claims against multiple defendants without specifying which of the defendants each claim is brought against and those that are "replete with conclusory, vague, and immaterial allegations" (internal quotations and citation omitted)). All shotgun pleadings fail "in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*

*v. Palm Beach Cnty Sherriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Thus, shotgun pleadings are properly denied as futile. *See Barmapov*, 986 F.3d at 1324; *Coventry First, LLC*, 605 F.3d at 870.

Here, the proposed amendment provides a few factual allegations without providing who performed what action and states in conclusory fashion that the allegations constitute cruel and unusual punishment in violation of the Eighth Amendment without detailing how. (*See* doc. 29 at 1.) The proposed Amended Complaint is therefore a shotgun pleading, which may be properly denied as futile. *See Barmapov*, 986 F.3d at 1324; *Coventry First, LLC*, 605 F.3d at 870. As such, the construed *Motion to File the Amended Complaint Out of Time* (doc. 29) will be denied.

Further, title 28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* [("IFP")] if the trial court certifies in writing that it is not taken in good faith." Good faith is determined by the objective question of whether the appeal is "frivolous," *Coppedge v. United States,* 369 U.S. 438, 445 (1962), or is "without arguable merit," *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotation marks and citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotation marks and citation omitted). In other words, a lawsuit is frivolous if "the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotation marks and citation omitted).

Should the Plaintiff file an appeal on this issue, the appeal would be frivolous and without arguable merit. His objection contains no legal or factual basis arguing that the Recommendation is in error. Thus, any appeal on this issue will be certified as frivolous.

## CONCLUSION

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objection, it is **ORDERED** as follows:

1) The Plaintiff's Objection to the Recommendation (doc. 27) is **OVERRULED**;

2) The Magistrate Judge's Recommendation (doc. 22) is **ADOPTED**;

3) Any appeal in this cause is hereby **CERTIFIED**, pursuant to 28 U.S.C. §1915(a), as without merit and therefore would not be taken in good faith;

4) The *Motion to Appoint Counsel* (doc. 24) is **DENIED**;

5) The *Motion to Appoint Counsel and Motion for Relief from Obligation to Prepay Fees on Appeals* (doc. 25) is **DENIED**;

6) The *Motion of Obligation to Prepay Fees for Relief and Motion to Appoint Counsel* (doc. 26) is **DENIED**;

7) The construed *Motion to File the Amended Complaint Out of Time* (doc. 29) is **DENIED**.

8) This action will be dismissed.

9) A separate judgment will issue.

**DONE** and **ORDERED** on this the 14th day of July 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE